JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROPER T VIEW, INC., AS TRUSTE OF THE TAMARISK RD. TRUST UDT 8/19/2020,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. PRIETO, an individual; WILMINGTON SAVINGS FUND SOCIETY, FSB, as Trustee of the CSMC 2019-RP15 Trust; ZBS LAW, LLP, a Nevada limited liability partnership; All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title Thereto; and DOES 1-10,<br><br>Defendants. | Case No. EDCV 22-00661-SPG-SP<br><br>**ORDER GRANTING MOTION TO REMAND [ECF NO. 9]** |

Plaintiff PROPER T VIEW, INC., as Trustee of The Tamarisk Rd. Trust UDT 8/19/2020 ("Plaintiff") commenced suit to quiet title against Michael J. Prieto ("Prieto"), Wilmington Savings Fund Society, FSB, as Trustee of the CSMC 2019-RP15 Trust, and ZBS Law, LLP (collectively, "Defendants") in state court. Plaintiff removed Plaintiff's complaint on April 18, 2022. Before the Court is Plaintiff's motion to remand (ECF No.

9), which is fully briefed. The Court has read and considered the matters raised with respect to the motion and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Having considered the submissions of the parties, the relevant law, and the record in this case, as well as those filings for which the parties have requested the Court take judicial notice, the Court hereby GRANTS Plaintiff's Motion and REMANDS the case to the Superior Court of California for the County of Riverside. The Court also GRANTS Plaintiff's request for attorney fees.

## I. BACKGROUND

On or about February 1, 2021, Plaintiff filed in the Superior Court of California, County of Riverside, a civil action against Defendants concerning certain real property identified in the complaint as being located at 2170 East Tamarisk Road, Palm Springs, California 92262 (the "Property"). The verified complaint asserts causes of action against Defendants for declaratory relief, ejectment and trespass, and to quiet title.[1] (ECF No. 1-1 ("Complaint")). Paragraph 13 of the Complaint alleges that Plaintiff acquired the Property on or about August 19, 2020, and thereafter received an executed and recorded Trustee's Deed Upon Sale, a copy of which Plaintiff attaches to the Complaint as an exhibit and incorporates into the Complaint by reference. The Complaint alleges that Plaintiff "is currently entitled to possession under the Trustee's Deed Upon Sale" and a "judicial declaration is necessary and appropriate at this time in order that the parties may ascertain their rights and duties regarding the right of ownership and possession of the Leasehold Interest and Subject Property." (*Id.* ¶¶ 19-20). The Trustee's Deed, dated August 25, 2020, provides that it conveys to Plaintiff a residential leasehold interest in the Property. (*Id.*

---

[1] The Court grants the parties' respective requests to take judicial notice of the state court filings from the underlying litigation, as well as the filings in the related state civil action filed on December 14, 2021, Case No. UDPS2100639 (the "Unlawful Detainer Case"). (ECF Nos. 10 and 17). *See* Federal Rules of Evidence 201; *see also Reyna Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that it is appropriate to take judicial notice of court filings and other matters of public record such as pleadings, briefs, memoranda, motions, and transcripts filed in the underlying and related litigation).

¶ 22).  The Complaint seeks, among other things, a "determination of [Plaintiff's] fee simple title in this action." (Complaint ¶ 28).  On January 12, 2022, Prieto was served with the summons and UD Complaint.  (ECF No. 12-10).

On April 18, 2022, Prieto removed the underlying case to the Central District of California pursuant to 28 U.S.C. §§ 1441(f) and 1442(a) essentially asserting that the district court has exclusive federal jurisdiction and that this civil action is brought against a property holder whose title is derived from a federal agency or officer. (ECF No. 1).  On May 3, 2022, Plaintiff moved to remand to the superior court, arguing that under Title 28, United States Code, section 1446(b), Prieto's notice of removal is untimely because Prieto did not file the notice of removal within 30 days of receiving the Complaint.  (ECF No. 9); *see also* 28 U.S.C. § 1447(c).  Prieto argues in opposition to the motion that his notice of removal is timely because the basis for removal did not become apparent until April 8, 2022, when Plaintiff asserted a "new federal claim" in an opposition it filed to Prieto's motion for judgment on the pleadings based on federal court exclusive jurisdiction in the Unlawful Detainer Case.  In the motion, Plaintiff wrote that he "has owned the Subject Property since August 25, 2020."  (*See* ECF No. 16 at 2; ECF No. 17-1 (the "April 8 Filing")).  Prieto argues this single sentence "substantially changed" Plaintiff's position regarding Plaintiff's claim of title since the filing of Plaintiff's UD Complaint.

Plaintiff replies that it has not asserted a "new federal claim" authorizing removal and that Plaintiff has always maintained it has a possessory interest in the Property, as set forth in the Complaint.

## II.     LEGAL STANDARD

Title 28, United States Code, section 1446(b) sets forth the time requirements for filing a notice of removal.  It provides in pertinent part:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

> (3) . . ., if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The initial thirty-day removal period under section 1446(b)(1) is triggered "if the case stated by the initial pleading is removable on its face." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). Removability must be ascertainable from "'examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.'" *Id.* at 886 (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).

The second thirty-day removal period is triggered "if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* at 885 (citing 28 U.S.C. § 1446(b)). "In other words, even if a case were not removable at the outset, if it is rendered removable by virtue of a change in the parties or other circumstance revealed in a newly-filed paper, then the second thirty-day window is in play." *Harris*, 425 F.3d at 694 (internal quotation omitted).

## III.  ANALYSIS

### A.  Timeliness of Removal

"When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006). In the Ninth Circuit the "statutory removal deadline [under 1441] is 'imperative and mandatory, must be strictly complied with, and is to be narrowly construed.'" *Kang v. Allied Consultants, Inc.*, No. 5:21-cv-00149-MCS-SP, 2021 WL 1010629, at *1 (C.D. Cal. Mar. 15, 2021) (quoting *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975)). Conversely, "the Supreme Court has mandated a generous interpretation of the federal officer removal statute." *Durham*, 445 F.3d at 1252 (citing *Colorado v. Symes*, 286 U.S. 510, 517 (1932)).

Nevertheless, a federal officer has only 30 days to remove an action from "when the plaintiff discloses sufficient facts for federal officer removal, even if the officer was previously aware of a different basis for removal." *Id.* at 1253. Although the time limits under section 1446 are procedural rather than jurisdictional, they are "mandatory and a timely objection to a late petition will defeat removal ...." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

Plaintiff filed the Complaint on February 1, 2021, and served Prieto on February 3, 2022. On April 18, 2022, significantly past the 30-day period, which expired on March 5, 2021, Prieto removed the case.[2] Plaintiff thereafter timely filed the present motion to remand as an objection to the timing of Prieto's removal. *See* 28 U.S.C. § 1447(c).

The bases for Prieto's removal under sections 1441 and 1442 were apparent on the face of the Complaint. The Complaint prominently indicates on the first page that it is a "Complaint for Declaratory Relief; Ejectment and Trespass; Quiet Title and Cancellation/Rescission of Sale and Trustee's Deed Upon Sale." *See* (Complaint at 1). The Complaint also attached as an exhibit the Deed of Trust, which included an approval of residential lease from the United States Department of the Interior Bureau of Indian Affairs. (Complaint at 25). To ascertain removal under section 1441, as Prieto recognizes, the Complaint asserts "a claim of title to real property owned by the United States in trust for the Tribe." (ECF No. 16 at 6). According to Prieto, such a claim invokes federal jurisdiction because "28 U.S.C. § 1346(f) states that '[t]he district courts shall have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States.'" (*Id.*). To ascertain removal under section 1442, the Complaint clearly represents "a civil action

---

[2] The Court notes that not all defendants joined in the removal petition. Prieto's removal under section 1442 "represents an exception to the general rule . . . that all defendants must join in the removal petition. *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981)

brought against a property holder whose title is derived from an agency or officer of the United States." (ECF No. 1 at 4; ECF No. 15 at 5-6).  Whether Prieto qualifies as a property holder under section 1442 does not negate the fact that he was aware based on the four corners of the Complaint that, as a member of the Agua Caliente Band of Cahuilla Indians, he could seek removal on that basis.  Therefore, the Court finds that Prieto's removal was untimely under Title 28, United States Code, section 1446(b).[3]

### B.    Plaintiff's April 8 Filing

Prieto contends that his delay in seeking removal is justified because "[b]y stating in papers on April 8, 2022, that it has been the owner of this land since the foreclosure sale on August 25, 2020, Plaintiff now asks the state court to quiet title in its favor and in direct conflict with the ownership rights and interested vested in the Tribe and derived from an officer of the United States, Bureau of Land Management."  (ECF No. 16 at 4). Specifically, Plaintiff wrote in the April 8 Filing that it "has owned the Subject Property since August 25, 2020." (ECF No. 17-1).  Based on this, Prieto asserts that Plaintiff's case transformed from a dispute over possessory rights to one over ownership.

In response, Plaintiff argues that a single "sentence in a pleading does not trigger Prieto's deadline to file his Notice of Removal, nor does it justify Prieto's untimely Notice of Removal." (ECF No. 18 at 2).  According to Plaintiff, Prieto "seeks to take advantage of Plaintiff's colloquial use of the term 'owned' erroneously referencing ownership of the Subject Property versus ownership of the Leasehold Interest in the Subject Property." (ECF No. 18 at 2).  Plaintiff points out that, aside from an apparent scrivener's error,

---

[3] The Court need not decide whether Plaintiff's claims qualify for federal subject matter jurisdiction under either section 1441 or 1442 because the Court finds that Prieto's removal was untimely for both.  *See, e.g.*, *IntelliTikes, LLC v. Jordan*, No. CV-15-02205-PHX-NVW, 2016 WL 723001, at *2-3 (D. Ariz. Feb. 24, 2016) (remanding untimely removal "without deciding whether there is federal jurisdiction" under section 1441); *Harris v. CBS Corp.*, No. 18-cv-07572-YGR, 2019 WL 913619, at *3-4 (N.D. Cal. Feb. 25, 2019) (remanding untimely removal despite existence of federal officer jurisdiction).

Plaintiff at all times maintained that the underlying case is an action to quiet title based on Plaintiff's possessory interest in the Property.

The Court agrees with Plaintiff. The single sentence from the April 8 Filing did not change the nature of the case. *See Olguin v. Int'l Paper Co.*, No. CV 16-01865-AB (EX), 2016 WL 1643722, at *2 (C.D. Cal. Apr. 26, 2016) (remanding case for lack of jurisdiction despite plaintiff's "scrivener's error" that may have suggested otherwise). Accordingly, Plaintiff's deadline to file a notice of removal was March 5, 2021, thirty days after Plaintiff served the Complaint.

### C. Attorney Fees

A district court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of [improper] removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). As the Supreme Court explained, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Id.* at 140. The rationale behind section 1447's fee-shifting provision is to reduce "the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id*

The Court finds that Prieto did not have an objectively reasonable basis for removal, and that an award of fees and costs is warranted. As stated previously, Prieto's basis for removal was ascertainable from examination of the four corners of the Complaint. The Court notes the underlying record also objectively demonstrates that Prieto knew he could seek removal *before* the April 8 Filing. Prieto cited to Plaintiff's opposition to Defendant's motion for judgment on the pleadings *based on federal court exclusive jurisdiction* filed on April 8, 2022. (ECF No. 17-1). Therefore, Prieto necessarily filed his motion for judgment based on alleged federal court exclusive jurisdiction *before* April 8. This evidence suggests that Prieto's removal may have been a mere ploy to delay the underlying

litigation. Second, Prieto did not address Plaintiff's request for fees and costs in his opposition, (see ECF No. 16), thereby conceding the reasonableness of Plaintiff's request. *See Kayfes v. BMW of N. Am., LLC*, No. CV 22-2438-FMO (PVCx), 2022 WL 2802325, at *2 (C.D. Cal. July 18, 2022).

Plaintiff seeks an award of $3,647.00, which consists of $1,947.00 in attorney's fees incurred to file the Motion to Remand, plus $1,770.00 fees "Plaintiff anticipates it will incur through the hearing on its Motion to Remand." (ECF No. 12 at 2). Plaintiff's counsel submitted a declaration to substantiate the fees incurred, in which counsel provides that $1,770.00 will include "the preparation of a reply to the opposition" and "appearing at the hearing on this Motion to Remand." (ECF No. 13 at 2). Because the Court took Plaintiff's Motion to Remand under submission without a hearing, Plaintiff did not incur the entirety of $1,770.00 in fees. (ECF No. 19). Therefore, the Court awards Plaintiff $2,832.00 in attorney's fees pursuant to Title 28, United States Code, section 1447(c), which consists of $1,947.00 to file the Motion to Remand and $885.00 (half) of the anticipated fees for filing the reply brief and attending the hearing.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion and REMANDS the case to the Superior Court of California for the County of Riverside. The Court GRANTS Plaintiff's request for $2,832.00 in attorney's fees. The Clerk shall close the file and terminate all pending matters.

**IT IS SO ORDERED.**

DATED:  August 4, 2022

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE